IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

VINCENT PEAL                                                                                               PLAINTIFF

V.                                       NO: 4:13CV00143 SWW/HDY

BILL GILKEY *et al.*                                                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff Vincent Peal, a pre-trial detainee who is currently held at the W.C. "Dub" Brassell Adult Detention Center, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983 (docket entry #1), on March 13, 2013. Defendants are Yell County Sheriff Bill Gilkey, Yell County Detectives Scott Moore and John Foster, and Dardenelle County Jail Detective Terry Baily.

On March 27, 2013, Defendants filed a motion to dismiss, along with a brief in support (docket entries #7-#8). Although Plaintiff has been directed to file a response, and has been granted additional time to do so (docket entry #10), he has not responded.

**I. Standard of review**

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff, he was falsely accused of rape in early 2009, and evidence from the state crime lab exonerated him in August of 2009. Plaintiff asserts that despite the evidence of his innocence, he was held in the county jail until early December of 2009. Plaintiff contends the delay in his release was due to Gilkey's racism, and that he was abused in the jail, and put into dangerous and unsecured situations there. Plaintiff claims that the experience caused him mental and physical problems.

As Defendants note, the alleged constitutional violations occurred no later than December of 2009. The statute of limitations for § 1983 actions in Arkansas is three years. *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991). Because Plaintiff's complaint was filed more than three years later than the most recent alleged constitutional violations, it is barred by the statute of limitations, and should be dismissed.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Defendants' motion to dismiss (docket entry #7) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.  The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  6  day of May, 2013.

_____
UNITED STATES MAGISTRATE JUDGE